Matter of the Application of CHARLES BARTHELMESS and Others· v. MORRIS CUKOR and Others, Constituting the Municipal Civil Service Commission, etc., for a Writ of Mandamus.

(Supreme Court, New York Special Term, June, 1920.)

Constitutional law — constitutionality of Laws of 1920, chap. 282 — Civil Service Law — World War.

The statute (Laws of 1920, chap. 282) which declares that a public employee who had secured a place on the civil service eligible list by competitive examination before or while in the military or naval service in the World War shall be preferred for any appointment or promotion thereafter made in such grade in the department in which he shall be employed, is constitutional.

APPLICATION for a writ of mandamus.

Albert De Roode, for relators.

Denis R. O'Brien, for Civil Service Forum, for the application.

John P. O'Brien, corporation counsel, Eugene Sweeney, assistant; Cornelius W. Wickersham, for American Legion; Merrill E. Gates, Jr., for War Service Men, opposed.

TIERNEY, J. The civil service section of the Constitution (art. 5, § 9) contains the proviso that veterans of the Civil War shall be entitled to preference in appointment and promotion without regard to their standing on any list. It is argued from this that the legislature is precluded from creating a preference in appointment or promotion to any other candidate upon a list, and there is force in this contention. It is obvious that the legislature cannot provide for any preference that would conflict with that given to the veterans of the Civil War, and any act that creates another preference must be construed as being in subordination to the preference provided in the Constitution even though not expressly so stated. The legislature has enacted by chapter 282 of the Laws of 1920 that a public employee who had secured a place on the civil service eligible list by competitive examination before or while in the military or naval service in the World War shall be preferred for any appointment or promotion thereafter made in such grade in the department in which he shall be employed. It is claimed that this violates the provision of the Constitution that appointments and promotions shall be made according to merit and fitness to be ascertained so far as practicable by examinations which, so far as practicable, shall be competitive. If the Constitution made the result of the competitive examination the sole test of merit and fitness, there would be no question that this statutory preference would be in viola-

Supreme Court, June, 1920.    [Vol. 112.

tion of the Constitution. It is obvious, however, that it was intended that other factors which go toward making up the merit and fitness of a candidate for appointment or promotion were to be given consideration in determining the candidate's position on the list., I think it was competent for the legislature to determine what weight should be given to the experience of a candidate in the military or naval service in determining his position in the eligible list provided that his eligibility was determined by competitive examination. This element of experience has always been taken into consideration in the administration of the civil service laws, and the action of the legislature is an extension of the application of the same principle. It has been carried further in the act referred to than in any previous instance, but I do not think that it can be said to be in violation of the spirit of the constitutional provision which prescribes that laws shall be made to provide for the enforcement of the section. The question is not free from doubt, but that is not a ground that would justify this court in the first instance declaring an act of the legislature void. The application for a writ of mandamus is, therefore, denied.

Application denied.